IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THE PACID GROUP, LLC<br>      Plaintiff,<br><br>      v.<br><br>(1)    APPLE, INC.;<br>(2)    DELL, INC.;<br>(3)    GATEWAY, INC.;<br>(4)    HEWLETT-PACKARD COMPANY;<br>(5)    LENOVO GROUP LIMITED;<br>(6)    LENOVO (UNITED STATES) INC.;<br>(7)    TOSHIBA CORPORATION;<br>(8)    TOSHIBA AMERICA, INC.;<br>(9)    TOSHIBA AMERICA INFORMATION<br>        SYSTEMS, INC.;<br>(10)  BROADCOM CORPORATION;<br>(11)  INTEL CORPORATION;<br>(12)  ATHEROS COMMUNICATIONS, INC.;<br>(13)  REALTEK SEMICONDUCTOR CORP;<br>(14)  EDIMAX TECHNOLOGY CO., LTD.;<br>(15)  EDIMAX COMPUTER COMPANY;<br>(16)  MARVELL TECHNOLOGY GROUP<br>        LTD.;<br>(17)  MARVELL SEMICONDUCTOR, INC.;<br>(18)  MARVELL TECHNOLOGY, INC.;<br>        AND<br>(19)  MARVELL SEMICONDUCTOR, LTD.,<br>      Defendants. | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff, The PACid Group, LLC,

complains against the Defendants Apple, Inc.; Dell, Inc.; Gateway, Inc.; Hewlett-Packard

Company; Lenovo Group Limited; Lenovo (United States) Inc.; Toshiba Corporation; Toshiba

America, Inc.; Toshiba America Information Systems, Inc.; Broadcom Corporation; Intel

Corporation; Atheros Communications, Inc.; Realtek Semiconductor Corp; Edimax Technology

Co., Ltd.; Edimax Computer Company; Marvell Technology Group Ltd.; Marvell

Semiconductor, Inc.; Marvell Technology, Inc.; and Marvell Semiconductor, Ltd. (collectively the "Defendants"), as follows:

**PARTIES**

1.      The PACid Group, LLC ("PACid") is a Texas limited liability company with its principal place of business at Energy Center, 719 West Front Street, Suite 174, Tyler, Texas 75702-7965.

2.      On information and belief, Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014. This Defendant has appointed CT Corporation System, 350 N St Paul Street, Dallas, TX 75201 as its agent for service of process.

3.      On information and belief, Defendant Dell, Inc. ("Dell") is a Delaware corporation with its principal place of business at 1 Dell Way, Round Rock, TX 78682. This Defendant has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

4.      On information and belief, Defendant Gateway, Inc. ("Gateway") is a Delaware corporation with its principal place of business at 7565 Irvine Center Drive, Irvine, CA 92618. This Defendant has appointed CT Corporation System, 818 West Seventh Street, Los Angeles, CA 90017 as its agent for service of process.

5.      On information and belief, Defendant Hewlett-Packard Company ("HP") is a Delaware corporation with its principal place of business at 300 Hanover Street, Palo Alto, CA 94304. This Defendant has appointed CT Corporation System, 350 N St Paul Street, Dallas, TX 75201 as its agent for service of process.

6. On information and belief, Defendant Lenovo Group Limited ("Lenovo") is a Hong Kong corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560. This Defendant may be served at 1009 Think Place, Morrisville, North Carolina 27560 via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

7. On information and belief, Defendant Lenovo (United States) Inc. ("Lenovo US") is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina 27560. This Defendant has appointed CT Corporation System, 350 North St Paul Street, Dallas, TX 75201 as its agent for service of process.

8. On information and belief, Defendant Toshiba Corporation ("Toshiba") is a Japanese corporation with its principal place of business at 1-1, Shibaura 1-chrome, Minato-ku, Tokyo 105-8001, Japan. This Defendant may be served at 1-1, Shibaura 1-chrome, Minato-ku, Tokyo 105-8001, Japan via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

9. On information and belief, Defendant Toshiba America, Inc. ("Toshiba America") is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, NY 10020. This Defendant has appointed CT Corporation System, 350 N St Paul Street, Dallas, TX 75201 as its agent for service of process.

10. On information and belief, Defendant Toshiba America Information Systems, Inc. ("Toshiba IS") is a California corporation with its principal place of business at 9740 Irvine Blvd, Irvine, CA 92618. This Defendant has appointed CT Corporation System, 350 N St Paul Street, Dallas, TX 75201 as its agent for service of process.

11.     On information and belief, Defendant Broadcom Corporation ("Broadcom") is a California corporation with its principal place of business at 5300 California Ave, Irvine, CA 92617.  This Defendant has appointed National Registered Agents, Inc., 2030 Main Street, Suite 1030, Irvine, CA 92614 as its agent for service of process.

12.     On information and belief, Defendant Intel Corporation ("Intel") is a Delaware corporation with its principal place of business at 2200 Mission College Blvd, Santa Clara, CA 95054.  This Defendant has appointed CT Corporation System, 350 N St Paul Street, Dallas, TX 75201 as its agent for service of process.

13.     On information and belief, Defendant Atheros Communications, Inc. ("Atheros") is a Delaware corporation with its principal place of business at 5480 Great America Pkwy, Santa Clara, CA 95054.  This Defendant has appointed LexisNexis Document Solutions, Inc., 701 Brazos Street, Suite 1050, Austin, TX 78701 as its agent for service of process.

14.     On information and belief, Defendant Realtek Semiconductor Corp ("Realtek") is a Taiwanese corporation with its principal place of business at No 2, Innovation Road II Hsinchu Science Park Hsinchu 300, Hsinchu, Taiwan.  This Defendant may be served at at No 2, Innovation Road II Hsinchu Science Park Hsinchu 300, Hsinchu, Taiwan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

15.     On information and belief, Defendant Edimax Technology Co., Ltd. ("Edimax") is a Taiwanese corporation with its principal place of business at No.3, Wu Chuan 3rd Road Wugu Township, Taipei County, Taiwan.  This Defendant may be served at No.3, Wu Chuan 3rd Road Wugu Township, Taipei County, Taiwan, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

16.     On information and belief, Defendant Edimax Computer Company ("Edimax Computer") is a California corporation with its principal place of business at 3350 SCOTT BLVD #15, SANTA CLARA, CA 95054.  This Defendant has appointed DANNY HWANG, 12308 KOSICH PL, SARATOGA, CA 95054  as its agent for service of process.

17.     On information and belief, Defendant Marvell Technology Group Ltd. ("Marvell") is a Bermuda corporation with its principal place of business at Canon's Court, 22 Victoria Street, Hamilton HM 12, Bermuda.  This Defendant may be served at Canon's Court, 22 Victoria Street, Hamilton HM 12, Bermuda, via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

18.     On information and belief, Defendant Marvell Semiconductor, Inc. ("Marvell Semiconductor") is a California corporation with its principal place of business at 5488 Marvell Lane, Santa Clara, California 95054.  This Defendant has appointed CT Corporation System, 350 N St Paul Street, Dallas, TX 75201 as its agent for service of process.

19.     On information and belief, Defendant Marvell Technology, Inc. ("Marvell Technology") is a Delaware corporation with its principal place of business at 5488 Marvell Lane, Santa Clara, California 95054.  This Defendant has appointed National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, DE 19904 as its agent for service of process.

20.     On information and belief, Defendant Marvell Semiconductor, Ltd. ("Marvell Ltd") is a Delaware corporation with its principal place of business at 5488 Marvell Lane, Santa Clara, California 95054.  This Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

## JURISDICTION AND VENUE

21.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

23.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,963,646

24.     PACid is the owner by assignment of United States Patent No. 5,963,646 ("the '646 Patent") entitled "Secure Deterministic Encryption, Key Generator System and Method." The '646 Patent issued on October 5, 1999.  A true and correct copy of the '646 Patent is attached as Exhibit A.

25.     Guy Fielder and Paul Alito are the named inventors on the '646 Patent.

26.     Upon information and belief, Defendant Apple has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell

certain Apple products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Apple products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Apple. Defendant Apple is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

27.     Upon information and belief, Defendant Dell has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Dell products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Dell products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Dell. Defendant Dell is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

28.     Upon information and belief, Defendant Gateway has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Gateway products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Gateway products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Gateway.  Defendant Gateway is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

29.     Upon information and belief, Defendant HP has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain HP products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain HP products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless

networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant HP.  Defendant HP is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

30.     Upon information and belief, Defendant Lenovo has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Lenovo products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Lenovo products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Lenovo.  Defendant Lenovo is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

31.     Upon information and belief, Defendant Lenovo US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Lenovo US products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Lenovo US products include program instructions executable to

generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Lenovo US. Defendant Lenovo US is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

32.    Upon information and belief, Defendant Toshiba has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Toshiba products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Toshiba products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Toshiba. Defendant Toshiba is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

33.    Upon information and belief, Defendant Toshiba America has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or

offering to sell certain Toshiba America products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Toshiba America products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Toshiba America.  Defendant Toshiba America is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

34.     Upon information and belief, Defendant Toshiba IS has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Toshiba IS products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Toshiba IS products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Toshiba IS.  Defendant Toshiba IS is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

35.     Upon information and belief, Defendant Broadcom has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Broadcom products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Broadcom products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Broadcom. Defendant Broadcom is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

36.     Upon information and belief, Defendant Intel has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Intel products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Intel products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless

networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Intel.  Defendant Intel is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

37.     Upon information and belief, Defendant Atheros has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Atheros products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Atheros products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted.  The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Atheros.  Defendant Atheros is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

38.     Upon information and belief, Defendant Realtek has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Realtek products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid.  For example, certain Realtek products include program instructions executable to generate

encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Realtek. Defendant Realtek is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

39.     Upon information and belief, Defendant Edimax has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Edimax products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Edimax products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Edimax. Defendant Edimax is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

40.     Upon information and belief, Defendant Edimax Computer has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or

offering to sell certain Edimax Computer products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Edimax Computer products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Edimax Computer. Defendant Edimax Computer is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

41.     Upon information and belief, Defendant Marvell has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Marvell products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Marvell products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Marvell. Defendant Marvell is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

42.     Upon information and belief, Defendant Marvell Semiconductor has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Marvell Semiconductor products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Marvell Semiconductor products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Marvell Semiconductor. Defendant Marvell Semiconductor is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

43.     Upon information and belief, Defendant Marvell Technology has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Marvell Technology products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Marvell Technology products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce

a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Marvell Technology Defendant Marvell Technology is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

44. Upon information and belief, Defendant Marvell Ltd has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '646 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Marvell Ltd products employing methods for generating pseudo-random, symmetric encryption keys covered by one or more claims of the '646 Patent to the injury of PACid. For example, certain Marvell Ltd products include program instructions executable to generate encryption keys by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a message digest from which the encryption key is extracted. The encryption keys are used to encrypt and decrypt data transmitted over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Marvell Ltd. Defendant Marvell Ltd is thus liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,049,612

45. PACid is the owner by assignment of United States Patent No. 6,049,612 ("the '612 Patent") entitled "File Encryption Method and System." The '612 Patent issued on April 11, 2000. A true and correct copy of the '612 Patent is attached as Exhibit B.

46.     Guy Fielder and Paul Alito are the named inventors on the '612 Patent.

47.     Upon information and belief, Defendant Apple has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Apple products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Apple products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Apple. Defendant Apple is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

48.     Upon information and belief, Defendant Dell has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Dell products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Dell products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and

performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Dell. Defendant Dell is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

49.    Upon information and belief, Defendant Gateway has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Gateway products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Gateway products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Gateway. Defendant Gateway is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

50.    Upon information and belief, Defendant HP has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing

to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain HP products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain HP products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant HP. Defendant HP is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

51. Upon information and belief, Defendant Lenovo has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Lenovo products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Lenovo products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of

the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Lenovo. Defendant Lenovo is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

52.     Upon information and belief, Defendant Lenovo US has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Lenovo US products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Lenovo US products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Lenovo US. Defendant Lenovo US is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

53.     Upon information and belief, Defendant Toshiba has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Toshiba products employing methods for protecting information files from unauthorized

access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Toshiba products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Toshiba. Defendant Toshiba is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

54. Upon information and belief, Defendant Toshiba America has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Toshiba America products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Toshiba America products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for

sale by Defendant Toshiba America. Defendant Toshiba America is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

55. Upon information and belief, Defendant Toshiba IS has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Toshiba IS products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Toshiba IS products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Toshiba IS. Defendant Toshiba IS is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

56. Upon information and belief, Defendant Broadcom has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Broadcom products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of

PACid.  For example, certain Broadcom products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Broadcom.  Defendant Broadcom is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

57.     Upon information and belief, Defendant Intel has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Intel products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Intel products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Intel.  Defendant Intel is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

58.     Upon information and belief, Defendant Atheros has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Atheros products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Atheros products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Atheros.  Defendant Atheros is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

59.     Upon information and belief, Defendant Realtek has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Realtek products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Realtek products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and

performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Realtek.  Defendant Realtek is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

60.     Upon information and belief, Defendant Edimax has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States,  by, among other things, making, using, importing, selling or offering to sell certain Edimax products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid.  For example, certain Edimax products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted.  The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Edimax.  Defendant Edimax is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

61.     Upon information and belief, Defendant Edimax Computer has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or

contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Edimax Computer products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Edimax Computer products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Edimax Computer. Defendant Edimax Computer is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

62.     Upon information and belief, Defendant Marvell has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Marvell products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Marvell products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use

the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Marvell. Defendant Marvell is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

63. Upon information and belief, Defendant Marvell Semiconductor has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Marvell Semiconductor products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Marvell Semiconductor products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Marvell Semiconductor. Defendant Marvell Semiconductor is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

64. Upon information and belief, Defendant Marvell Technology has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Marvell Technology products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Marvell Technology products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Marvell Technology Defendant Marvell Technology is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

65.    Upon information and belief, Defendant Marvell Ltd has been and now is directly and jointly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '612 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, selling or offering to sell certain Marvell Ltd products employing methods for protecting information files from unauthorized access covered by one or more claims of the '612 Patent to the injury of PACid. For example, certain Marvell Ltd products include program instructions executable to generate encryption keys and encrypt information files by combining a constant value with a secret plural bit sequence, and performing a secure hash operation on the shuffled bit result to produce a pseudo-random result from which the encryption key is extracted. The executable program instructions then use the encryption keys to encrypt information files and concatenate

the constant value to a beginning of the encrypted information file prior to transmission over wireless networks that are enabled by the hardware/software made, used, sold and/or offered for sale by Defendant Marvell Ltd. Defendant Marvell Ltd is thus liable for infringement of the '612 Patent pursuant to 35 U.S.C. § 271.

66. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '646, and/or '612 Patents complied with any such requirements.

67. To the extent that facts learned in discovery show that Defendants' infringement of the '646 and/or '612 Patents is or has been willful, PACid reserves the right to request such a finding at time of trial.

68. As a result of these Defendants' infringement of the '646 and/or 612 Patents, PACid has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

69. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '646 and/or '612 Patents, PACid will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, PACid respectfully requests that this Court enter:

1. A judgment in favor of PACid that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '646 and/or '612 Patents, and that such infringement was willful;

2.    A judgment and order requiring Defendants to pay PACid its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 and/or '612 Patents as provided under 35 U.S.C. § 284;

3.    A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '646 and/or '612 Patents;

4.    A judgment and order requiring Defendants to pay PACid its damages, enhanced damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '646 and/or '612 Patents;

5.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PACid its reasonable attorneys' fees; and

6.    Any and all other relief to which PACid may show itself to be entitled.

### DEMAND FOR JURY TRIAL

PACid, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

March 30, 2009                                  Respectfully submitted,

                                               **THE PACIDGROUP, LLC**

                                               By: /s/ Andrew Spangler
                                               Andrew W. Spangler– LEAD COUNSEL
                                               State Bar No. 24041960
                                               SPANGLER LAW P.C.
                                               208 N. Green Street, Suite 300
                                               Longview, Texas 75601
                                               Telephone:  903-753-9300
                                               Facsimile:  903 553-0403
                                               spangler@spanglerlawpc.com

Marc A. Fenster
California Bar No. 181067
E-mail: mfenster@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

John J. Edmonds
Texas Bar No.  00789758
E-mail: johnedmonds@edmondslegal.com
The Edmonds Law Firm
709 Sabine Street
Houston, Texas  77007
Tel: (713) 858-3320
Fax: (832) 415-2535

**ATTORNEYS FOR PLAINTIFF
THE PACID GROUP, LLC**