**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| PACID GROUP, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>APPLE, INC. et al.<br><br>               Defendants. | Case No. 6:09-CV-143 (LED) |

## INTEL CORPORATION'S AMENDED ANSWER AND COUNTERCLAIMS

Defendant Intel Corporation ("Intel"), by its counsel, hereby answers the complaint of PACid Group, LLC ("PACid") as set forth below. Intel specifically denies all allegations not expressly admitted below.

### PARTIES

1–11.   Intel is without sufficient information or belief to admit or deny the allegations of paragraphs 1–11 and, therefore, denies these allegations.

12.      Admitted.

13–20. Intel is without sufficient information or belief to admit or deny the allegations of paragraphs 13–20 and, therefore, denies these allegations.

### JURISDICTION AND VENUE

21.      Intel admits that the Complaint purports to state a claim for patent infringement, and that this Court has subject matter jurisdiction over such an action.

22.      Intel admits that, in this case, venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b), but denies that it is convenient for Intel. Intel admits that it has transacted business in

this district.  Intel denies that it has committed, contributed to, and/or induced any acts that constitute infringement of any patent asserted by PACid in Texas, in this district, or elsewhere in the United States.  Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 22 and, therefore, denies these allegations.

23.     Intel does not contest that, in this case, it is subject to personal jurisdiction in Texas.  Intel denies that it has committed, contributed to, and/or induced any acts that constitute infringement of any patent asserted by PACid in Texas, in this district, or elsewhere in the United States.  Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 23 and, therefore, denies these allegations.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 5,963,646

Intel denies any allegations or characterizations embodied in the heading to the extent that they relate to activities of Intel and states that it is without sufficient information or belief to admit or deny these allegations insofar as they relate to the activities of the other defendants and, therefore, denies those allegations.

24.     Intel admits that U.S. Patent No. 5,963,646 ("the '646 patent") is entitled "Secure Deterministic Encryption Key Generator System and Method."  Intel further admits that PACid purports to attach a copy of the '646 patent to the Complaint as Exhibit A.  Intel further admits that the '646 patent bears an issue date of October 5, 1999.  Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 24 and, therefore, denies these allegations.

25.     Admitted.

26–35. Intel is without sufficient information or belief to admit or deny the allegations of paragraphs 26–35 and, therefore, denies these allegations.

36.     Denied.

37–44. Intel is without sufficient information or belief to admit or deny the allegations of paragraphs 37–44 and, therefore, denies these allegations.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 6,049,612

Intel denies any allegations or characterizations embodied in the heading to the extent that they relate to activities of Intel and states that it is without sufficient information or belief to admit or deny these allegations insofar as they relate to the activities of the other defendants and, therefore, denies those allegations.

45.     Intel admits that U.S. Patent No. 6,049,612 ("the '612 patent") is entitled "File Encryption Method and System."  Intel further admits that PACid purports to attach a copy of the '612 patent to the complaint as Exhibit B.  Intel further admits that the '612 patent bears an issue date of April 11, 2000.  Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 45 and, therefore, denies these allegations.

46.     Admitted.

47–56. Intel is without sufficient information or belief to admit or deny the allegations of paragraphs 47–56 and, therefore, denies these allegations.

57.     Denied.

58–65. Intel is without sufficient information or belief to admit or deny the allegations of paragraphs 58–65 and, therefore, denies these allegations.

66.     Intel is without sufficient information or belief to admit or deny the allegations of paragraph 66 and, therefore, denies these allegations.

67.    To the extent any admission or denial is required, Intel denies the allegations of paragraph 67 insofar as they relate to Intel.  Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 67 and, therefore, denies these allegations.

68.    Intel denies the allegations of paragraph 68 insofar as they relate to Intel.  Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 68 and, therefore, denies these allegations.

69.    Intel denies the allegations of paragraph 69 insofar as they relate to Intel.  Intel is without sufficient information or belief to admit or deny the remaining allegations of paragraph 69 and, therefore, denies these allegations.

## RESPONSE TO PACID'S PRAYER FOR RELIEF

Intel denies that PACid is entitled to any relief whatsoever from Intel, as prayed for or otherwise.

## ADDITIONAL DEFENSES

Intel asserts the following additional defenses against PACid's assertion of infringement of the '612 and '646 patents (individually and collectively, "the PACid patents").  Intel reserves the right to amend its answer as additional information becomes available.

### First Additional Defense (Noninfringement)

1.    Intel does not infringe and has not infringed (either literally or under the doctrine of equivalents), actively induced infringement, or contributorily infringed any valid and enforceable claim of the PACid patents.

### Second Additional Defense (Invalidity)

2.    One or more claims of the PACid patents is invalid for failing to satisfy the conditions of patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, sections 102, 103, and/or 112.

4

## Third Additional Defense (Estoppel)

3.      PACid's claims are barred by reason of estoppel.

4.      PACid is estopped from construing any valid claim of the PACid patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any product made, used, imported, sold, or offered for sale by Intel in view of prior art and/or because of admissions, representations, and/or statements made to the Patent Office during prosecution of any application leading to the issuance of the PACid patents or any related patent, because of disclosure or language in the specifications of the PACid patents, and/or because of limitations in the claims of the PACid patents.

## Fourth Additional Defense (Laches)

5.      The relief PACid seeks is barred by laches.

6.      PACid is barred from recovering damages for alleged infringement of the PACid patents under the doctrine of laches.

## Fifth Additional Defense (35 U.S.C. § 286)

7.      PACid is barred from recovering damages for alleged infringement of the PACid patents under 35 U.S.C. § 286.

## Sixth Additional Defense (No Injunctive Relief)

8.      PACid is not entitled to injunctive relief because any injury to PACid is not immediate or irreparable, and PACid has an adequate remedy at law for any claims it can prove.

## Seventh Additional Defense (Exhaustion)

9.      The relief PACid seeks is barred or otherwise limited based on exhaustion, the first-sale doctrine, implied license, and/or restrictions on double recovery.

## INTEL'S COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, for its Counterclaims against PACid, Intel alleges as follows:

### The Parties

1.      Intel is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 2200 Mission College Blvd., Santa Clara, CA 95054.

2.      Upon information and belief, PACid is a limited liability company existing under the laws of the State of Texas, having its principal place of business at Energy Center, 719 West Front Street, Suite 174, Tyler, TX 75702-7965.

### Background

3.      United States Patent No. 5,963,646 (filed December 28, 1998) ("the '646 patent") issued on October 5, 1999.  PACid claims to own all rights and interests in the '646 patent.

4.      United States Patent No. 6,049,612 (filed December 28, 1998) ("the '612 patent") issued on April 11, 2000.  PACid claims to own all rights and interests in the '612 patent.

5.      PACid has alleged that acts by Intel infringe the '646 and '612 patents.

6.      An actual controversy exists between Intel and PACid regarding the alleged infringement, validity, and enforceability of the '646 and '612 patents.

### Jurisdiction

7.      This Court has subject matter jurisdiction over the following counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

### Venue

8.      Venue is proper in this judicial district under 28 U.S.C. 1391(b), (c), and 1400(b).

**First Counterclaim (Declaratory Judgment of Noninfringement of the '646 Patent)**

9.      Intel incorporates by reference paragraphs 1–8 above.

10.     Intel has not infringed and is not infringing (either directly, contributorily, or by inducement) any valid and enforceable claim of the '646 patent.

**Second Counterclaim (Declaratory Judgment of Noninfringement of the '612 Patent)**

11.     Intel incorporates by reference paragraphs 1–8 above.

12.     Intel has not infringed and is not infringing (either directly, contributorily, or by inducement) any valid and enforceable claim of the '612 patent.

**Third Counterclaim (Declaratory Judgment of Invalidity of the '646 Patent)**

13.     Intel incorporates by reference paragraphs 1–8 above.

14.     The '646 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112.

**Fourth Counterclaim (Declaratory Judgment of Invalidity of the '612 Patent)**

15.     Intel incorporates by reference paragraphs 1–8 above.

16.     The '612 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 102, 103, and/or 112.

## EXCEPTIONAL CASE

17.     This case is exceptional against PACid under 35 U.S.C. § 285.

## INTEL'S PRAYER FOR RELIEF

WHEREFORE Intel prays that:

(1)     this Court enter judgment against PACid and in favor of Intel, and dismiss the Complaint against Intel with prejudice;

(2)     this Court declare that Intel has not infringed, induced infringement, or contributed to the infringement of U.S. Patent No. 5,963,646;

(3)     this Court declare that Intel has not infringed, induced infringement, or contributed to the infringement of U.S. Patent No. 6,049,612;

(4)     this Court declare that U.S. Patent No. 5,963,646 is invalid;

(5)     this Court declare that U.S. Patent No. 6,049,612 is invalid;

(6)     this Court award Intel its costs, including reasonable attorneys fees and all of its expenses for defending this suit because this is an exceptional case under 35 U.S.C. § 285;

(7)     this Court award Intel all pre-judgment and post-judgment interest to which Intel is entitled, at the highest rate allowed by law; and

(8)     this Court award Intel such other relief as this Court may deem just and proper.

Dated: December 8, 2009

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  */s/ Ruffin B. Cordell*
Ruffin B. Cordell
State Bar No. 04820550
   rbc@fr.com
Lauren Degnan (admitted pro hac vice)
   lad@fr.com
FISH & RICHARDSON P.C.
1425 K Street NW, 11th Floor
Washington, DC 20005
Telephone: 202-783-5070
Facsimile: 202-783-2331

Michael E. Jones
State Bar No. 10929400
   mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, TX 75710
Telephone: 903-597-8311
Facsimile: 903-593-0846

Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT LLP
6760 Old Jackson Hwy, Suite 101
Tyler, TX 75703
Telephone: 903-534-1100
Facsimile: 903-534-1137

Counsel for INTEL CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF System per Local Rule CV-5(a)(3) on this 8th day of December 2009.  Any other counsel of record will be served by first class mail on this same date.

*/s/ Ruffin B. Cordell*
Ruffin B. Cordell, Esq.
Fish & Richardson P.C.
1425 K Street N.W., Suite 1100
Washington, D.C. 20005
Tel: (202)-783-5070
Fax: (202)-783-2331

Counsel for INTEL CORPORATION